ASOCIACIÓN DE GUARDIAS PENALES DE PUERTO RICO, Plaintiff, Appellant and Appellee, *v.* SECRETARY OF JUSTICE OF PUERTO RICO, Defendant, Appellee and Appellant.

No. 12931. Decided March 11, 1963.

*Guillermo Bauzá* and *Jesús E. Palmer* for appellant and appellee.
*J. B. Fernández Badillo, Solicitor General,* and *Jorge Segarra, Assistant Solicitor General,* for appellee and appellant.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

Section 20 of Act No. 17 of January 19, 1951 (Sp. Sess. Laws, p. 426)—Weapons Law—provided at the beginning that the following may lawfully have, possess, bear, transport and carry weapons: ". . . (3) The Superintendent of Prisons, Heads of Insular Penitentiaries and Jail Wardens in the discharge of their duties as such. (4) Penal Guards and convict guards *while in the discharge of their duties as such,* and under the regulations provided by the Attorney General." Section 20, subds. 3 and 4, was amended by Act No. 149 of April 30, 1952 (Sess. Laws, p. 312) in order to provide that the following may lawfully have, possess, bear, transport and carry weapons: "(3) The Superintendent of Prisons, heads of insular penitentiaries and jail wardens, under the regulations provided by the Attorney General. (4) Penal guards and convict guards, under the regulations provided by the Attorney General."

It will be noted that the amendment consisted in eliminating from both subdivisions the provision "in the discharge of their duties as such," it being provided in both instances that those officers and employees could lawfully have, possess, bear, transport and carry weapons "under the regulations provided by the Attorney General." Probably, we do not decide, the lawmaker deemed it convenient to transfer the matter to the administrative sphere, such officers and employees being, as they are, subordinates of the Secretary of Justice.

The Asociación de Guardias Penales de Puerto Rico (Penal Guards Association of Puerto Rico) petitioned the San

Juan Part of the Superior Court for a declaratory judgment against the Secretary of Justice, alleging that the latter had prepared a draft of regulations which violated the rights granted by law to penal guards to carry weapons when they are not in the discharge of their duties as such. Consequently, in interposing its appeal, plaintiff Association assumed that the law authorizes penal guards to carry weapons when they are not in the discharge of their duties.

The Secretary of Justice answered the complaint alleging as special defenses that it did not state facts to warrant the court's intervention, nor did it state facts to show the existence of a genuine and real controversy between the parties, and therefore the court lacked jurisdiction. The case went to trial on the merits and the court rendered judgment holding that as of Act No. 149 of 1952 penal guards could bear and transport weapons even though they were not in the discharge of their duties as such, but that they could not possess or transport them freely but "only under the regulations provided by the Secretary of Justice." Both parties appealed from the judgment.

In the first place, it is very doubtful whether the Asociación de Guardias Penales had a cause of action to sue or was actually an interested party. As such merely juridical person, it did not possess nor carry weapons. However, in view of the disposition of the case we could consider this action as a group action.

The trial court should have sustained the additional defenses interposed by the Secretary of Justice instead of deciding the case on the merits. The reason is that, in view of the facts therein, there was and even now there is no genuine justiciable real issue between the parties proper for a judicial pronouncement. See the discussion in *Moscoso v. Rivera*, 76 P.R.R. 450. *Cf. Colón v. San Patricio Corporation*, 81 P.R.R. 236, 256. BORCHARD, Declaratory Judgments, *Justiciability* 33 *et seq.* (2d ed.).

In his brief before this Court, dated August 8, 1962, the Secretary of Justice alleges that he has not adopted the regulations provided by law for these cases. The draft prepared by him and on which the action was based was not an act having legal effects. The considerations and circumstances which the penal guards alleged before the trial court at the hearing of the case, which were aimed at showing the desirability of their carrying weapons when they are not in the discharge of their duties, was matter proper for submission to the consideration of the Secretary of Justice when preparing the regulations.

Under the provisions of the Act to the effect that penal guards may carry weapons under regulations of the Secretary of Justice, the latter is bound in the first instance to interpret the Act when exercising his police power. The judicial intervention in this case had the effect of interfering with such administrative function, by telling the Secretary of Justice that in providing proper regulation he should assume that penal guards were authorized by law to carry weapons when they were not in the discharge of their duties.

It is the duty of the Secretary of Justice to discharge this administration responsibility, and if the regulation is found to be in violation of law or in excess of the authority vested in him, or illegal, or even if it is not, to affect the interests or rights of plaintiffs herein, a justiciable controversy could arise, to be decided by the courts.

The judgment appealed from will be reversed and another rendered dismissing the complaint for lack of jurisdiction over the matter, in the absence of a judicial question.